IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEIL K. ANAND, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-cv-2527 |
| | : | |
| THE UNITED STATES, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                      **NOVEMBER 26, 2025**

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. On November 5, 2025, Plaintiff Anand filed an Emergency Motion for Declaratory and Injunctive Relief Based on Newly Discovered Evidence of Algorithmic Targeting and Constitutional Violations. ECF No. 49 (the "Motion"). Upon review, the Motion is properly considered a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(2) of the Court's denial of Plaintiff's "Motion for Agency Reading Room Access Pursuant to Freedom of Information Act," ECF No. 18, which the Court denied on January 22, 2024, ECF No. 21. Defendant the United States opposes the Motion, arguing that the case is stayed and that the Motion is otherwise untimely. ECF No. 50 at 1–3. The Court agrees with Defendant for the reasons set forth below and will deny the Motion. An accompanying order follows.

    **I.**    **DISCUSSION**

Plaintiff Anand brings his motion under Federal Rules of Civil Procedure 59(e) and 60(b)(2) alleging "new evidence" relating to arguments he *pro se* put forth as part of his criminal prosecution and appeal. *See* ECF No. 49 at 8–9. His motion is untimely under either Rule. A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of

the judgment," and a motion under Rule 60(b)(1)–(3) "no more than a year after the entry of the judgment or order."[1]  Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(c)(1).

Plaintiff Anand is seeking reconsideration of the order denying reading room access issued on January 22, 2024, nearly two years ago, on the ground of "new evidence."  *See* ECF Nos. 21, 49.  The Motion was filed outside of the one-year timeframe for motions made under Rule 60(b)(2) challenging an "order" on the ground of "newly discovered evidence."  Fed. R. Civ. P. 60(b)(2), 60(c)(1).  As written, the Motion essentially alleges "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."  Fed. R. Civ. P. 60(b)(2); *see also* ECF No. 49 at 8–9.  However, it is not within the Court's discretion to review this order by extending the time to file under these Rules.  *See Diallo v. Cap. One NA*, No. 25-2258, 2025 WL 3110788, at *1 (3d Cir. Nov. 6, 2025) (citing Fed. R. Civ. P. 6(b)(2)).

## II. CONCLUSION

Accordingly, the Motion (ECF No. 49) is **DENIED**.  An accompanying order will follow.

                                      **BY THE COURT:**

                                      /s/ CHAD F. KENNEY
                                      _____
                                      **CHAD F. KENNEY, J.**

---

[1] The Court notes there is no judgment in this case yet, the case having been stayed.  *See* ECF No. 37.